**UNITED STATES of America,**

v.

**Salvatore F. DIMASI, Defendant.**

**Cr. No. 09-10166-MLW**

United States District Court,
D. Massachusetts.

Signed October 17, 2016

Anthony E. Fuller, Collora LLP, S. Theodore Merritt, Kristina E. Barclay, United States Attorney's Office, Boston, MA, for United States of America.

Thomas R. Kiley, William J. Cintolo, Cosgrove, Eisenberg & Kiley, PC, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

WOLF, UNITED STATES DISTRICT JUDGE

■ In 2011, the court sentenced defendant Salvatore DiMasi to serve eight years in prison for extortion and related crimes committed while he was the Speaker of the Massachusetts House of Representatives. On October 13, 2016, the government filed on behalf of the Director of the Bureau of Prisons (the "Director") a motion to reduce DiMasi's sentence to time served (the "Motion"). It was filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). That statute gives the court the authority to reduce a sentence if the Director moves for a reduction and the court finds that "extraordinary and compelling reasons warrant such a reduction." Absent a motion by the Director pursuant to the statute the court does not have the authority to reduce DiMasi's sentence.

■ The Motion states, in part, that DiMasi "is a senior who has served 56 months (58%) of his 96-month term of imprisonment and is experiencing deteriorating physical health that substantially diminishes his ability to function in a correctional facility." Motion at 2. It is not accompanied by one or more affidavits or a supporting memorandum as required by Rule 7.1(b)(1) of the Local Rules of the United States District Court for the District of Massachusetts ("L.R."). Therefore, the government has provided the court only unverified statements, but not any evidence, regarding DiMasi's medical history in prison, current medical condition, prognosis, or ability to function in prison.[1]

The government has also failed to provide the court with evidence concerning other matters that the court is required to consider in deciding whether a motion filed pursuant to § 3582 (c) (1) (A) (i) is meritorious. That statute requires that the court

---

1. Unverified statements in a motion or brief do not constitute "evidence." See Rivera–Corraliza v. Morales, 794 F.3d 208, 224 (1st Cir. 2015); Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991); Inman v. Siciliano, No. C.A. 10–10202–FDS, 2012 WL 1980408, at *5 (D. Mass. May 31, 2012).

"consider[ ] the factors set forth in [18 U.S.C. § ]3553(a) to the extent they are applicable." The § 3553(a) factors relevant to the Motion include: "the history and characteristics of the defendant"—particularly his current medical condition and his experience in prison; "the need to avoid unwarranted sentence disparities;" and the related need to "promote respect for the law." The Sentencing Guidelines also state that the applicable § 3553(a) sentencing factors should be considered in deciding the Motion. See U.S.S.G. § 1B1.13.

Although not referenced in the government's submission, the Motion is evidently based on the current Bureau of Prisons compassionate release policy. See Federal Bureau of Prisons, Program Statement 5050.49, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g) (March 25, 2015), https://www.bop. gov/policy/progstat/5050_049_CN-1.pdf (the "Policy"). It does not appear that the Director concluded that DiMasi is terminally ill and, therefore, should be released pursuant to § 3 (a) of the Policy. Rather, it appears that the Director's decision is based on the Elderly Inmates provision of the Policy, § 4(b). Section 4(b) covers:

> Inmates who fit the following criteria: Age 65 and older[;] [s]uffer from chronic or serious medical conditions related to the aging process[;] [e]xperiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility[;] [c]onventional treatment promises no substantial improvement to their mental or physical condition[; and] [h]ave served at least 50% of their sentence.

The court must have evidence, and a complete explanation, to understand and evaluate the grounds for the Motion. Neither has yet been presented.

The government also has not addressed the issue of whether granting the Motion would serve or injure the interests of preventing unwarranted disparity and promoting respect for the law. Motions for compassionate release have historically been rare. In 2012, Human Rights Watch reported that between 1992 and 2012 an average of less than 24 such motions by the Director were filed annually. Human Rights Watch, The Answer is No: Too Little Compassionate Release in US Federal Prisons (2012), https://www.hrw.org/ sites/default/files/reports/uslll2ForUpload Sm.pdf. In 2013, the BOP revised its policy to make prisoners who are not terminally ill eligible for compassionate release. See U.S. Department of Justice, Background on Compassionate Release/Reductions in Sentence (August 12, 2013), https://www. whitehouse.gov/sites/default/files/ondcp/ Fact_Sheet/final_ris_background_ summary.pdf. However, in a March 21, 2016 comment on a proposed amendment to the pertinent Sentencing Guideline, § 1B1.13, Human Rights Watch wrote that:

> From August 2013, to December 2015, the Bureau of Prisons received 3142 requests for compassionate release, and approved only 261. Of those approvals, 178 (68%) were for cases where the applicant had a terminal condition.

Human Rights Watch, Public Comment on Proposed Amendment 81 Fed. Reg. 2295 (March 21, 2016), http://www.ussc.gov/ sites/default/files/pdf/amendment-process/ public-comment/20160321/HRW.pdf.

If accurate, these statistics raise the question—which is only a question—of whether the Director's decision to file the Motion was influenced by DiMasi's former status as Speaker of the Massachusetts House of Representatives and the stature of some who may be advocating for his release. The Motion does not provide argu-

ment, let alone evidence, concerning how often, if ever, motions for compassionate release are filed on behalf of persons similarly situated to DiMasi. This question is important to whether a reduction of sentence would reasonably be viewed as a form of unwarranted disparity based on power or privilege, which would injure respect for the law, a relevant § 3553(a) factor the court is required to consider.

Language in the proposed Order that the government filed with the Motion also raises questions. The government requests that the court order that DiMasi:

> be released from the custody of the Federal Bureau of Prisons as soon as his medical condition permits, a release plan is implemented, and travel arrangements can be made. Upon his release from the custody of the Federal Bureau of Prisons, the defendant shall begin serving the 24-month term of supervised release previously imposed by the court.

Docket No. 872-1 at 2. The Motion does not, however, provide any explanation, let alone evidence, concerning whether DiMasi's current medical condition would permit his immediate release or what a suitable release plan should include. It also does not address the issue of whether, if the court allows the Motion, the terms of DiMasi's Supervised Release imposed in 2011 should be modified.[2]

The United States Sentencing Commission has promulgated Proposed Commentary to U.S.S.G. § 1B1.13, which will, absent contrary action by Congress, become effective November 1, 2016. See 81 Fed. Reg. 27261, 27262–64. In that Commentary the Sentencing Commission "encourages the Director of the Bureau of Prisons to file [a motion for compassionate reduction of sentence]" if the defendant is, among

other things, "suffering from a serious physical or mental condition." Id. at 27262–63, Application Notes 1(A) (ii) (I) and 4. It appears the Director has responded to this encouragement by filing the Motion. However, again, the court does not now have the evidence or explanation necessary to make a properly informed decision on the merit of the Motion.

In sentencing DiMasi in 2011, the court considered his known medical conditions, including heart problems, and the medical condition of his wife as well. See Sept. 9, 2011 Transcript at 17, 28-29. Based on these considerations, it departed from its usual practice and recommended that DiMasi serve his sentence in Massachusetts at Federal Medical Center Devens. The Bureau of Prisons did not follow that recommendation.

The decision to sentence DiMasi to serve eight years in prison was made carefully, after the required weighing of all of the § 3553 (a) factors. See Sept. 8 and 9, 2011 Transcripts. That sentence was affirmed on appeal. See United States v. McDonough, 727 F.3d 143, 165–66 (1st Cir. 2013). However, when sentencing DiMasi, the court could not have foreseen that he would, as represented in the Motion, develop cancer while in prison. The Motion presents the court an opportunity to decide whether the eight-year sentence that was most appropriate in 2011 should now be reduced because of an unanticipated deterioration of DiMasi's health. That decision too must be made carefully, based on a proper record, after considering all of the relevant § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

Accordingly, it is hereby ORDERED that:

---

2. For example, the Motion raises the issue of whether, if DiMasi is released now, the court should modify the conditions of Supervised Release to include home detention which would permit DiMasi to leave for medical emergencies and, with the prior approval of a Probation Officer, medical appointments, family occasions, and religious observances.

1. The government shall, by October 27, 2016, file for the public record one or more affidavits and a memorandum in support of the Motion, which addresses, among other things, the issues discussed in this Memorandum.[3]

2. DiMasi may, by October 27, 2016, file for the public record one or more affidavits and a memorandum in support of the Motion.

3. Copies of submissions made pursuant to this Order shall be provided to Probation.

4. A hearing on the Motion shall be held on November 1, 2016, at 10:00 a.m.

---

**3.** The First Circuit has held that information in judicial records that bears directly on sentencing is subject to a presumption of public access. See United States v. Kravetz, 706 F.3d 47, 56–57 (1st Cir. 2013). Only the most compelling reasons can justify non-disclosure of judicial records subject to that presumption. See id. at 59. While a person generally has a legitimate privacy interest in medical information that must be weighed, it is not "fundamental or absolute." Id. at 63. That interest is diminished if the information has previously been publicized or made part of the public record. See id. In any event, the public interest in the information on which a judicial decision is made may outweigh an individual's interest in privacy when his medical condition and prognosis are argued to be material to determining an appropriate sentence. See id. at 63–64.

These principles are equally applicable to the Motion requesting a reduction of DiMasi's sentence based on his medical condition and prognosis. Therefore, the court is ordering that submissions in support of the Motion be made for the public record.

If a party wishes to request reconsideration of this ruling, or an exception for certain specific information, it may, in the form required by L.R. 7.2, file a motion to seal, with a copy of the complete document at issue and a redacted copy for the public record.